## HUNTER v. CARTWRIGHT et al.

### No. 13279.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 20, 1935.

Rehearing Denied Jan. 31, 1936.

A. B. Cates, of Decatur, for appellant.

H. G. Woodruff, of Decatur, for appellees.

MARTIN, Justice.

We will designate the parties "plaintiff" and "defendant" as in the trial court. In March, 1934, the plaintiff, Miss Hunter, entered into a contract with W. T. Caraway and F. A. Simpson, two of the three trustees of the rural school district known as the Rock Springs district in Wise county, Tex., by the terms of which contract she was to teach the 1934–1935 term of the public school at Sand Flat, in said district, it being what is known as a "one-teacher" school. The school was to begin on October 8, 1934, and to continue for eight months. The salary to be paid was not fixed, as none of the contracting parties at that time knew what the district would have allotted to it in the apportionment. The contract was made on one of the prescribed forms of the department of education, which provided that it should not become effective until approved by the county superintendent of public instruction, who was and is Mrs. Cartwright, one of the defendants. Plaintiff presented the contract for approval shortly after its execution, but it was never approved by Mrs. Cartwright, and some time later trustee Simpson resigned, and then the board of trustees elected Earl Watson as teacher of the Sand Flat school. His contract was approved by the defendant and he began the school on September 17, 1934. Miss Hunter filed suit in November for mandamus to compel Mrs. Cartwright to approve her contract and for injunction to restrain the trustees and Mrs. Cartwright from the payment of any salary to Watson, pending the decision of the respective rights of the parties. Temporary injunction was granted, but on final trial same was dissolved by the trial court and both mandamus and permanent injunction were refused. Trial was had to the court and findings of fact and conclusions of law were filed by the court. Plaintiff duly excepted, and, after due notice and the filing of a supersedeas bond, brings the case to this court for review.

The mandamus feature of this litigation having become moot, we will only consider the injunction feature, under which we assume that by virtue of the temporary injunction granted by the court and the supersedeas bond filed by the plaintiff the money contracted to be paid for the teaching of the Sand Flat school for the year 1934–1935 is still being withheld subject to the final result of this litigation.

The trial court's findings of fact are, in substance, that the contract of Miss Hunter was signed in blank; that it did not state the amount of salary to be paid, the amount of money available, or the length of the term of school; that it was filed with the county superintendent of Wise county in August, 1934, but was never approved by her; that subsequently two trustees of the district executed a contract with Watson to teach the school, which contract was approved by the county superintendent; that at the time the county superintendent refused to approve Miss Hunter's contract, she did not have a valid certificate entitling her to teach school at the time said school was scheduled to commence; that it was commenced by Watson on September 17, 1934, and the certificate entitling Miss Hunter to teach was not filed with said superintendent until September 20, 1934; that prior to the filing of Miss Hunter's contract, she had been guilty of changing and altering a teacher's certificate and that this fact was known to the county superintendent and was known to the patrons of the Sand Flat school, and that a majority of such patrons petitioned the superintendent in writing to reject Miss Hunter's contract; that this district was eligible for state aid and would receive approximately $150 with Watson as teacher, but would receive nothing with Miss Hunter as teacher; and that all these facts were known to the defendant at the time she refused to approve the Hunter contract.

As conclusions of law, the court held that the defendant Mrs. Cartwright had the right to refuse her approval and that her action in doing so was not arbitrary.

In a very able brief, counsel for the plaintiff has presented a vigorous attack upon the findings and conclusions of the trial court, insisting, in substance, that the defendant, as county superintendent, had no discretion in the matter of approving or refusing to approve the contract presented by Miss Hunter.

We note that the certificate of Miss Hunter authorizing her to teach in the public free schools and on file at the time of her contract was one which expired August 31, 1934, while the contract made and pleaded and presented to the defendant Mrs. Cartwright provided that her school was to begin October 8, 1934—thirty-eight days after the expiration of Miss Hunter's certificate.

Our Penal Code, art. 291, provides that:

"Any county or city superintendent or school trustee who approves any teacher's contract or voucher until the person has presented a valid certificate shall be fined not less than twenty-five nor more than one hundred dollars."

Construing this penal provision in connection with the provisions of chapter 17, title 49, art. 2877 et seq., R.S.1925, we are constrained to hold with the trial court that the county superintendent was not required under the law to approve the contract of the plaintiff. To have done so, under the circumstances, we think would have violated the spirit, if not the letter, of the penal law.

While it is true that Miss Hunter procured a valid certificate and filed the same on September 20th, neither the trustees nor the superintendent were under any obligation to anticipate her qualification, as it seems to be the purport and intent of the law to provide that the furnishing of such a certificate shall be in advance of the execution and approval of any contract to teach. This was the express holding in the case of Richards v. Richardson, 168 S. W. 50, opinion by Chief Justice Fly, of the San Antonio Court of Civil Appeals, citing also Western Union Telegraph Co. v. Partlow, 30 Tex.Civ.App. 599, 71 S.W. 584, and numerous other authorities.

It being necessary to affirm the judgment of the trial court upon this finding alone, which is supported by the uncontradicted testimony, we do not consider it necessary or proper to discuss the other questions raised in this appeal.

The judgment of the trial court is affirmed.