Tillion SWANSON, et al., Appellants,

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT and the Board of Education of the Houston Independent School District, Appellees.

No. A14–89–00943–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 15, 1990.

Rehearing Denied Dec. 13, 1990.

George M. Kirk, Jr., Richard D. Strahan, Houston, for appellants.

Kelly Frels, Jennifer W. Jacobs, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a summary judgment in favor of appellees, Houston Independent School District and the Board of Education of the Houston Independent School District, (HISD), and the denial of summary judgment to appellants Tillion Swanson, et al. (Swanson). Appellants bring five points of error alleging the trial court erred as a matter of law in refusing to declare that appellees: (1) deprived appellants of a property interest in employment without substantive due process; (2) deprived appellants of a property interest in employment without procedural due process; (3) breached appellants' employment contracts; (4) failed to give appellants timely notice in terminating their employment contracts; and (5) failed to give appellants

adequate notice in terminating their employment contracts. We affirm.

The undisputed facts are: Appellants are teachers formerly employed by HISD either under continuing contracts or probationary contracts pursuant to TEX.EDUC. CODE ANN. § 13.106 and 13.102.[1] Appellants failed to pass the Texas Examination of Current Administrators and Teachers (TECAT) by June 30, 1986, as required by the TEX.EDUC.CODE ANN. § 13.047. When the teachers failed to pass the TECAT as required, the HISD notified each of them by certified letter dated August 15, 1986 and postmarked August 21, 1986 of the proposed termination of his or her employment and the reason for such termination. The letters were received on August 22, 1986 and thereafter.

The letter advised the teachers of several options: (1) resign; (2) retire, if eligible; or (3) request a hearing within ten days, under the TEX.EDUC.CODE ANN. § 13.112, to challenge the proposed termination. All but four teachers either resigned, retired, or did not respond. Those teachers who did not respond were notified by certified letter dated October 13, 1986 that their employment had been terminated. The letters specifically set forth the grounds for termination, i.e. failure to pass the TECAT within the time period set by statute.

The four teachers who requested hearings were sent letters in September of 1986 which explained the nature of the hearing and stated the hearing would be set at a future date. Subsequently in certified letters dated March 27, 1987, the four teachers were notified of the time and place of their hearing. The letters set out the basis for the hearing, witnesses to be called by HISD, and other administrative matters. The hearings were held on April 9 and 12, 1987. After these hearings, certified letters dated April 21, 1987 were sent informing the teachers who had hearings that they had been terminated. The letters set out, as did those of the teachers who did not request a hearing, specific findings and

---

1. Two of the originally named Plaintiffs are not appellants in this action. Plaintiff H.E. Jones was not an HISD employee. Plaintiff Pauline

Wilson timely passed the TECAT and was never terminated.

conclusions as to the basis for termination. That basis, in all cases, was the failure to pass the TECAT by June 30, 1986, as required by the TEX.EDUC.CODE ANN. § 13.047.

A summary judgment is not entitled to the same deference given to a judgment following a trial on the merits. When reviewing the granting of a summary judgment, the appellate court does not view the evidence in the light most favorable to the judgment of the trial court. At either the trial or appellate level, the question is not simply whether the non-movant raised a material fact issue to defeat the motion. Rather, the movant must prove beyond question it was entitled to judgment as a matter of law or this court must remand the case for a trial on the merits. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828–829 (Tex.1970); TEX.R.CIV.P. 166a(c). The standards for reviewing a summary judgment have been clearly mandated by the Texas Supreme Court:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–549 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–311 (Tex.1984).

Where both parties move for summary judgment and one such motion is granted and the other is denied, the appellate court should determine all questions presented, and may reverse the trial court judgment and render such judgment as the trial court should have rendered. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). Appellants seek such relief in this court.

Appellants' first and second points of error allege that appellants were deprived of a property interest without substantive and procedural due process. Further, Appellants' fourth and fifth points of error allege appellants were deprived of a property interest without adequate or timely notice. These points will be considered together.

Appellants' claim depends on their having had a property interest in continued employment. *Board of Regents v. Roth*, 408 U.S. 564, 576–578, 92 S.Ct. 2701, 2708–2709, 33 L.Ed.2d 548 (1972). If they did, the State could not deprive them of this property without affording them due process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985) *citing Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 11–12, 98 S.Ct. 1554, 1561–1562, 56 L.Ed.2d 30 (1978).

Property interests are not created by the Constitution, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law ..." *Loudermill*, 470 U.S. at 538, 105 S.Ct. at 1491, *quoting Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. In this case it is questionable whether the appellants had such an interest in their teaching contracts in that they failed to pass the TECAT as required by Texas law, and thus were ineligible to teach. However, because appellants are entitled to have every reasonable inference indulged in their favor, we will review appellants' claim.

Once it is determined that the Due Process Clause applies, the question becomes what process is due. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). This question is answered by TEX.EDUC.CODE ANN. § 13.111 and § 13.112:

§ 13.111. Notice

(a) Before any teacher shall be discharged during the year for any of the causes mentioned in Section 13.109 of this code, or before any probationary contract teacher shall be dismissed at the end of a school year before the end of the term fixed in his contract or before any teacher holding a continuing contract shall be dismissed or returned to proba-

tionary contract status at the end of a school year for any of the reasons mentioned in Section 13.110 of this code, he shall be notified in writing by the board of trustees or under its direction of the proposed action and of the grounds assigned therefor.

(b) In the event the ground for the proposed action relate to the inability or failure of the teacher to perform his assigned duties, the action shall be based upon the written recommendation by the superintendent of schools, filed with the board of trustees. Any teacher so discharged or dismissed or returned to probationary contract status shall be entitled, as a matter of right, to a copy of each and every evaluation report, or any other memorandum in writing which has been made touching or concerning the fitness or conduct of such teacher, by requesting in writing a copy of the same.

§ 13.112. Hearing

(a) If, upon written notification of the proposed action, the teacher desires to contest the same, he shall notify the board of trustee in writing within 10 days after the date of receipt by him of the official notice above prescribed, of his desire to be heard, and he shall be given a public hearing if he wishes or if the board of trustees determines that a public hearing is necessary in the public interest.

(b) Upon any charges based upon grounds of inefficiency, or inability or failure of the teacher to perform his assigned duties, the board of trustees may in its discretion establish a committee of classroom teachers and administrators, and the teacher may request a hearing before this committee prior to hearing of the matter by the board of trustee.

(c) Within 10 days after request for hearing made by the teacher, the board of trustees shall fix a time and place of hearing, which shall be held before the proposed action shall be effective. Such hearing shall be public unless the teacher requests in writing that it be private.

(d) At such hearing, the teacher may employ counsel if desired, and shall have the right to hear the evidence upon which the charges are based, to cross-examine all adverse witnesses, and to present evidence in opposition thereto, or in extenuation.

■ The root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing before he is deprived of a property interest.[2] *Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971). The essential requirements have been held to be notice and an opportunity to respond. *Loudermill*, 470, U.S. at 546, 105 S.Ct. at 1495. Here, appellants were notified by certified letter of the proposed termination of employment for failure to timely pass the TECAT. The letters were sent as soon as feasible after HISD learned which teachers had failed the June 30, 1986, TECAT. It would have been impossible for the HISD to inform the teachers of the proposed terminations until after the teachers had been given an opportunity to pass the TECAT on June 30, 1986. The letters advised the appellants of the options available to them, specifically, that they could request a hearing pursuant to Tex.Educ.Code Ann. § 13.112. The teachers who did not request a hearing were notified by certified letter that they had been terminated. The letters informed the teachers that they had been terminated because of the failure to pass the TECAT. Only four teachers requested a hearing. These teachers were notified by certified letter of the time and place of the hearing and their specific rights at the hearing. The hearings were held and all four teachers were terminated. They each received a certified letter stating the grounds for termination, that was, failure to timely pass the TECAT.

---

2. There are, of course, some situations in which a post deprivation hearing will satisfy due process requirements. *Loudermill*, 470 U.S. at 542, fn. 7, 105 S.Ct. at 1493, fn. 7, *citing Ewing v. Mytinger & Casselberry, Inc.*, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950). In this instance, the teachers who requested hearings were not officially terminated until after such hearings. However, they were properly denied the right to teach because they did not hold valid teaching certificates because they had failed to timely pass the TECAT.

Thus, appellants were given adequate and timely notice as required by the Due Process Clause. As to the second requirement, appellants were afforded a hearing if they so requested. The four teachers who did request a hearing had an opportunity to be heard. Every teacher who was terminated was informed of the specific grounds for the termination, i.e. failure to pass the TECAT. It is undisputed that appellants failed to pass the TECAT as required by TEX.EDUC.CODE ANN. § 13.047. Appellants were afforded the due process to which they were entitled under the United States Constitution and the Texas Constitution. Appellants' first, second, fourth, and fifth points of error are overruled.

In their third point of error appellants contend that HISD breached its contract with appellants. Basically, appellants claim that their teaching contracts became effective by operation of law because they were not given timely notice as required by the Texas Education Code. We disagree.

TEX.EDUC.CODE ANN. § 13.045 requires that any person who wishes to teach in the Texas Public Schools present a valid teaching certificate to the school district before his or her contract with the school is binding. The law requires that a teacher always maintain a valid teaching certificate in order to be employed as a public school teacher. Thus, there can be no contract if a teacher does not have a valid teaching certificate.

When the Texas Legislature passed the law requiring all teachers to take and pass the TECAT, it was necessary for the teachers to comply in order to maintain their certificates. It is undisputed that appellants failed to pass the TECAT by the required date. Therefore, they no longer maintained valid teaching certificates as required by Texas law. Without a valid certificate their teaching contracts were void. *See Hunter v. Cartwright*, 90 S.W.2d 900 (Tex.Civ.App.—Fort Worth 1936, writ dism'd); *Richards v. Richardson*, 168 S.W. 50 (Tex.Civ.App.—San Antonio 1914, no writ).

Appellants argue that under their contracts they should have received notice of their termination sooner than they did, and thus the HISD breached the employment contracts. Besides the fact that the contracts were void once the teachers failed the TECAT, it was impossible for the HISD to give such notice until after the teachers had been given an opportunity to pass the test in late June. Appellants cannot complain of an alleged breach of contract based on the HISD's comportment with TEX.EDUC. CODE ANN. § 13.047. Appellants' third point of error is overruled.

The judgment of the trial court is affirmed.