Houston Indep. Sch. Dist. v. Ingram 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-326-CV





ERNEST G. INGRAM,



 APPELLANT


vs.





HOUSTON INDEPENDENT SCHOOL DISTRICT;

WILLIAM E. KIRBY, THE COMMISSIONER OF EDUCATION;

AND THE CENTRAL EDUCATION AGENCY,


 APPELLEES



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 457,288, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING


 




PER CURIAM

 Appellee Houston Independent School District terminated the teaching contracts of
appellant Ernest G. Ingram and eight other teachers after they failed to pass the Texas
Examination of Current Administrators and Teachers [hereinafter TECAT] by June 30, 1986, a
deadline set by the Texas Legislature. (1) Ingram and the other teachers appealed to appellee
William E. Kirby, the Commissioner of Education, who later dismissed their appeals on the
ground that the teachers did not hold valid teaching certificates at the time of their proposed
terminations. Ingram and the other teachers next filed a suit for judicial review against the
commissioner, appellee Central Education Agency, and the school district. The district court
affirmed the commissioner's decision. In fourteen points of error, Ingram alleges that the district
court erred by violating the constitution, various statutes, and rules of civil procedure. We will
affirm.

 The commissioner, Central Education Agency, and school district argue that
Ingram has waived points of error one, two, three, nine, ten, eleven, thirteen, and fourteen
because he either did not raise these issues before the commissioner or did not include them in his
motion for rehearing before the commissioner. Although the statement of facts indicates that the
administrative record was admitted into evidence in the district court, the administrative record
has not been tendered to the Clerk of this Court for filing as an exhibit to the statement of facts.

 The commissioner's order is presumed to be valid and legal. See Texas Health
Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984). As the
appellant, Ingram has the burden of presenting to this Court a sufficient record to show error
requiring reversal. Tex. R. App. P. 50(d). Because the administrative record is not properly
before us, no error is shown. Commerce Indep. Sch. Dist. v. Texas Education Agency, 859
S.W.2d 627, 629 (Tex. App.--Austin 1993, writ dism'd). Points of error one, two, three, nine,
ten, eleven, thirteen, and fourteen are overruled.

 Points of error four through eight all involve procedural challenges to the district
court's judgment. In point of error four, Ingram alleges that the district court erred in not filing
findings of fact and conclusions of law. This cause, however, is governed by the
substantial-evidence rule, and findings of fact and conclusions of law are, therefore, unnecessary. 
Beyer v. Employees Retirement Sys., 808 S.W.2d 622, 628 (Tex. App.--Austin 1991, writ denied);
see Administrative Procedure Act, Tex. Gov't Code Ann. § 2001.174 (West 1994). (2) Point of
error four is overruled.

 In point of error five, Ingram contends that the district court erred by admitting a
copy of the administrative record into evidence rather than the original. A review of the statement
of facts reveals that counsel for all parties agreed to the substitution to save time because the
original could not be located on the day of the hearing. There is no error; point of error five is
overruled.

 Ingram next argues in point of error six that the district court violated Texas Rule
of Appellate Procedure 12(b) ("Duties related to proceedings before the court shall take preference
over other work.") by dismissing the court reporter after the administrative record was admitted
into evidence. No court reporter was necessary, however, because the district court was not
sitting as a finder of fact. Even if releasing the court reporter was error, Ingram did not object. 
Tex. R. App. P. 52(a). Point of error six is overruled.

 In point of error seven, Ingram contends that the district court erred by violating
Texas Rule of Appellate Procedure 50(e) relating to a lost or destroyed record. He argues that
he is entitled to a new trial because he timely requested a statement of facts and the record has
been lost without his fault, thus, depriving him of the live pleadings. Ingram confuses the
transcript, which contains the live pleadings, with the statement of facts, which contains the
transcription of the evidence. Tex. R. App. P. 51(a), 53(a). First, the statement of facts is not
lost or destroyed. The statement of facts indicates that the administrative record was properly
admitted into evidence in the district court. If Ingram is complaining that the statement of facts
is "lost" because the remainder of the trial-court proceedings was not transcribed by the court
reporter, then we have already addressed this complaint under point of error six. Furthermore,
in a cause governed by the substantial-evidence rule, a statement of facts is unnecessary for any
purpose other that to show that the administrative record has been properly admitted into
evidence. Tex. R. App. P. 50(a). Point of error seven is overruled.

 In his final procedural argument regarding the record, Ingram alleges in point of
error eight that the district court erred by violating Texas Rule of Civil Procedure 20 ("On the
last day of the session, the minutes shall be read, corrected, and signed in open court by the
judge."). Ingram erroneously assumes the minutes are incomplete because they do not contain
the oral testimony in this cause. Oral testimony is not a part of the district court's minutes, and,
accordingly, we overrule point of error eight.

 In point of error twelve, Ingram alleges that the district court erred by refusing to
declare that the commissioner, Central Education Agency, and school district breached Ingram's
teaching contract. Tex. Educ. Code Ann. §§ 13.107, .110 (West 1991). This argument is
without merit because the law requires that a teacher always maintain a valid teaching certificate
in order to be employed as a public school teacher. Tex. Educ. Code Ann. § 13.045 (West 1991);
Swanson v. Houston Indep. Sch. Dist., 800 S.W.2d 630, 634 (Tex. App.--Houston [14th Dist.]
1990, writ denied). Thus, there can be no contract if a teacher does not have a valid teaching
certificate. Id. Ingram has no valid teaching certificate because he has not passed the TECAT. 
Point of error twelve is overruled.

 The judgment of the district court is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: March 2, 1994

Do Not Publish

IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-326-CV




ERNEST G. INGRAM,



 APPELLANT


vs.




HOUSTON INDEPENDENT SCHOOL DISTRICT;

WILLIAM E. KIRBY, THE COMMISSIONER OF EDUCATION;

AND THE CENTRAL EDUCATION AGENCY,


 APPELLEES


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 457,288, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING


 



CONCURRING OPINION


 




 I agree with the majority's determination to overrule points of error one, two,
three, nine, ten, eleven, thirteen, and fourteen because Ingram has not brought the administrative
record before this Court. Nevertheless, I adhere to the positions and reasoning set forth in my
dissent in Commerce Independent School District v. Texas Education Agency regarding the proper
method to bring the administrative record before the appellate court. Commerce Indep. Sch.
Dist., 859 S.W.2d 627, 629-35 (Tex. App.--Austin 1993, writ dism'd) (Powers, J., dissenting).

 Accordingly, I concur.



 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Filed: March 2, 1994

Do Not Publish
1. Act of June 30, 1984, 68th Leg., 2d C.S., ch. 28, art. I(C), sec. 3, § 13.047, 1984 Tex.
Gen. Laws 117, 155 (Tex. Educ. Code Ann. § 13.047), amended and repealed by Act of Apr.
23, 1987, 70th Leg., R.S., ch. 32, 1987 Tex. Gen. Laws 66.
2. All citations in this opinion are to the current Administrative Procedure Act rather than
the former Administrative Procedure and Texas Register Act, because the recent codification
did not substantively change the law. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47,
1993 Tex. Gen. Laws 583, 986; Administrative Procedure Act, Tex. Gov't Code Ann. §§
2001.001-.902 (West 1994) [hereinafter APA].