Fetchin 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








ON REMAND










NO. 03-94-00680-CV







John Mark Fetchin, Appellant




v.




Lionel Meno, in his Capacity as Commissioner of Education; Central Education Agency;


and Lewisville Independent School District, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 93-04263, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 









 Appellee Lewisville Independent School District ("LISD") terminated appellant John Mark
Fetchin's employment at the end of the 1990-91 school year. Fetchin appealed his termination to appellee
Lionel Meno, the Commissioner of Education ("the Commissioner"), who upheld LISD's decision. Fetchin
sought judicial review of the Commissioner's decision, and the district court affirmed. Fetchin appeals, and
we will affirm the judgment.



PROCEDURAL BACKGROUND


 This cause comes to us on remand from the Texas Supreme Court. In our prior opinion,
we held that Fetchin had not properly brought the administrative record to this Court for review because
it was transmitted as part of the transcript and not as part of the statement of facts. See Fetchin v. Meno,
922 S.W.2d 549, 551-52 (Tex. App--Austin 1995), rev'd, 916 S.W.2d 961 (Tex. 1996). On that basis,
we affirmed the district court's judgment. Id. Fetchin appealed to the Texas Supreme Court, which
reversed our judgment on the basis that Fetchin had properly presented the administrative record for our
review. Fetchin v. Meno, 916 S.W.2d 961, 962 (Tex. 1996). The court relied on its opinion in Nueces
Canyon Consolidated Independent School District v. Central Education Agency, 917 S.W.2d 773,
776 (Tex. 1996), which was released the same day and held that an appellant may bring an administrative
record to this Court either by means of the transcript or as an exhibit to the statement of facts. Fetchin,
916 S.W.2d at 962. Accordingly, the supreme court remanded this cause to us to consider Fetchin's single
point of error.



THE CONTROVERSY


 During the 1990-91 school year, Fetchin's principal, Cathy Bryce, received several
complaints from parents about Fetchin's teaching methods. Additionally, Fetchin received a less than
average teaching evaluation. As a result, a professional growth plan was prepared for Fetchin in November
1990, offering suggestions on how to improve his classroom performance. In March 1991, approximately
three and one-half months after the implementation of the plan, LISD's superintendent recommended that
Fetchin's employment be terminated. LISD's Board of Trustees accepted that recommendation and, on
appeal, the Commissioner affirmed the termination. Fetchin then sought judicial review in district court,
which affirmed the Commissioner's decision.

 By one point of error, Fetchin argues that the Commissioner erred in affirming his
termination. Specifically, Fetchin challenges the Commissioner's findings that LISD: (1) gave Fetchin
adequate notice of his teaching deficiencies; (2) gave Fetchin a meaningful opportunity to correct the
deficiencies; (3) properly terminated Fetchin for "repeatedly" violating official policies and directives; and
(4) gave Fetchin due process of law.



DISCUSSION


 By his point of error, Fetchin essentially complains of two things: (1) that the
Commissioner's underlying findings of fact do not support one of the Commissioner's ultimate findings that
Fetchin was terminated for good cause, and (2) the Commissioner's order is erroneous because LISD did
not afford Fetchin due process of law before terminating his employment. We will consider each argument
in turn. As a threshold matter, we note that this appeal is governed by the substantial-evidence standard
of judicial review because the Education Code does not specify otherwise. See Administrative Procedure
Act, Tex. Gov't Code Ann. § 2001.174 (West 1996); Tex. Educ. Code Ann. § 13.115(c) (West 1991).



Good Cause for Termination

 A teacher employed under a continuing contract has a property interest in his or her
employment and may be discharged only for good cause. Tex. Educ. Code Ann. § 13.107 (West 1991). 
The Texas Education Code sets forth the grounds on which a continuing-contract teacher may be
discharged for cause. Id. §§ 13.109-.110. (1) LISD gave four independent statutory grounds for terminating
Fetchin's employment:



(1) repeated failure to comply with official directives and established school board
policy;


(2) repeated and continuing neglect of duties;


(3) failure to comply with such reasonable requirements as the board of trustees of the
employing school district may prescribe for achieving professional improvement and
growth; and


(4) for good cause, namely the failure to meet the accepted standards of conduct for the
profession as generally recognized and applied in similarly situated school districts
throughout Texas.



Id. §§ 13.109(4) & (6), 13.110(2) & (7). In his final order, the Commissioner affirmed LISD's decision
and made ultimate findings that LISD properly terminated Fetchin's employment under statutory grounds
one and three listed above.

 On appeal to this Court, Fetchin argues that the Commissioner erred in finding that
Fetchin's termination was proper under statutory ground one, i.e., that he repeatedly failed to comply with
official policies and directives. Fetchin does not argue that the Commissioner's underlying fact findings are
unsupported by substantial evidence, but rather argues that the underlying findings do not support the
Commissioner's ultimate finding that he was properly terminated under statutory ground one. Fetchin
argues first that he did not repeatedly violate official directives and policies and second that he was not
given an adequate time and meaningful opportunity to correct his teaching deficiencies.

 We reject Fetchin's argument for two reasons. First, even if correct, Fetchin's point of
error cannot warrant a reversal of the Commissioner's order because Fetchin has not challenged the
Commissioner's ultimate finding on statutory ground three, which independently supports Fetchin's
termination. In his administrative appeal to the Commissioner, Fetchin had the burden to challenge the
Board's four reasons for terminating him. The Commissioner, in affirming the LISD Board, determined that
Fetchin had not carried his burden on statutory grounds one and three. In seeking judicial review before
the district court and this Court, Fetchin has the burden to show that both statutory grounds relied on by
the Commissioner are invalid; we must affirm the Commissioner's order if one statutory basis for termination
is valid even though the other may be erroneous. (2) Fetchin has not challenged the evidentiary or legal
support for the Commissioner's ultimate finding on statutory ground three, and that ground independently
supports the Commissioner's order.

 Secondly, we believe that the Commissioner's ultimate finding on statutory ground one was
properly drawn from the unchallenged findings of fact. We will briefly summarize the Commissioner's
findings on this issue. In November 1990, Bryce informed Fetchin that his teaching was deficient in a
number of respects, with one specific problem being that Fetchin's students were intimidated by his
sarcastic sense of humor and attempted use of negative reinforcement as a teaching tool. Bryce gave
Fetchin a "professional growth plan" that called for Fetchin to maintain a more supportive learning
environment by using encouragement, positive reinforcement, and praise, especially with reluctant students. 
The plan required Fetchin to greet students at the door with a smile and then monitor students by circulating
among them to answer questions and provide feedback while they were completing work assignments. 
Although these plan requirements could have been immediately implemented, three months elapsed and
Fetchin still failed to perform adequately. Fetchin continued to be sarcastic to students, did not greet his
students with a smile, and failed to provide a supportive, positive, and encouraging learning environment. 
Fetchin's principal monitored his performance on numerous occasions over the three-month period and
warned him on several occasions that he was not complying with the requirements of his growth plan. 
Furthermore, Fetchin's continuing poor performance was evidenced by the fact that the school received
twenty-one parent complaints about Fetchin after he received his growth plan.

 We believe that these findings fully support the Commissioner's ultimate finding that Fetchin
repeatedly failed to follow official directives as outlined in his professional growth plan. The plan outlined
simple changes, such as smiling and circulating among the students, that could have been implemented
immediately. Not only did Fetchin fail to make the required changes immediately, he failed to do so within
three months. Given the simple and reasonable requirements of Fetchin's growth plan, his failure to comply
for three months qualifies as a repeated failure to follow the plan directives.

 Fetchin argues in response that LISD failed to give him an adequate opportunity to
remedy these deficiencies. Fetchin cites a decision of the Commissioner for the proposition that a teacher
must be given an opportunity to remedy deficiencies before being terminated for cause. See Tex. Comm'r
of Educ., Tyler v. Galveston Indep. Sch. Dist., Docket No. 132-R1b-783 (November 13, 1984). 
Fetchin further argues that three months is too short a time to have an adequate opportunity to do so. We
disagree. The remediation requirement ensures that a continuing-contract teacher cannot be terminated
unless "the teacher has been advised of the deficiencies and either cannot or will not overcome them." Id. 
The school district must assist the teacher in correcting deficiencies that "the teacher could reasonably be
expected to overcome." Id. Fetchin would have us hold, as a matter of law, that three months is too short
a time to remedy any deficiencies. Though three months may be insufficient time in some cases, it was
ample time in Fetchin's case.

 Whether a period of time is adequate to remedy deficiencies must necessarily be evaluated
in the context of the deficiencies at issue. Simple problems may require only a short time to correct,
whereas more complex problems may require a longer time. In the Tyler proceeding, the Commissioner
found that the school district had given a teacher insufficient time to remedy her deficiencies because, over
five months, the teacher made good progress in correcting her deficiencies and showed significant
improvement. In addition, Tyler's remedial plan called for extensive changes to her method of preparing
lesson plans, required new procedures outlined in a teacher's guide, and so on. By way of contrast, the
remediation required in this case was simple and Fetchin gave little indication that he was truly attempting
to follow his growth plan. Three months was ample time for Fetchin to make progress in smiling, greeting
students, circulating among the students, and eschewing sarcasm in favor of a more positive learning
environment. The record shows that LISD gave Fetchin ample notice of these problems in November
1990 and provided the growth plan as a tool to assist Fetchin in correcting them. Fetchin's principal
monitored him and warned him several times that he was not complying with the simple requirements of his
growth plan. Given the problems at issue and the solutions proposed in this case, we hold that LISD gave
Fetchin ample opportunity to remedy his deficiencies. Accordingly, the Commissioner did not err in
determining that LISD had good cause for terminating Fetchin.



Due Process of Law

 Fetchin's second complaint is that LISD failed to accord him due process of law before
terminating his employment. A continuing-contract teacher has a property interest in his or her employment
and must receive due process before being terminated. Findeisen v. North East Indep. Sch. Dist., 749
F.2d 234, 237 (5th Cir. 1984), cert. denied, 471 U.S. 1125 (1985); see Grounds v. Tolar Indep. Sch.
Dist., 856 S.W.2d 417, 418 (Tex. 1993) (teacher who may be terminated only for cause has property
interest under federal constitution). Specifically, Fetchin contends that LISD failed to give him adequate
time to remedy his teaching deficiencies after receiving his professional growth plan in November 1990. 
Therefore, Fetchin argues that the Commissioner erred in affirming his termination because it violated his
constitutional rights. (3) See Tex. Gov't Code Ann. § 2001.174(2)(A) (West 1996).

 We reject Fetchin's argument because, although the opportunity to remedy deficiencies may
be required to terminate a teacher for good cause, it is not constitutionally required as a matter of due
process of law. The Education Code specifies the pretermination procedure to which continuing contract
teachers are entitled:



(1) Prompt notice of the proposed termination, including the grounds therefor and, in the
case of termination for failure to perform assigned duties, copies of all evaluations
and memoranda concerning the teacher's fitness;


(2) A public hearing at which the teacher may be represented by counsel, present
evidence, and cross-examine witnesses; and


(3) Notification in writing of the Board's decision.



Tex. Educ. Code Ann. § 13.111-.114 (West 1991). These protections provide all the process of law that
a continuing-contract teacher is due. Swanson v. Houston Indep. Sch. Dist., 800 S.W.2d 630, 632 (Tex.
App.--Houston [14th Dist.] 1990, writ denied); see also Cleveland Bd. of Educ. v. Loudermill, 470
U.S. 532, 542-46 (1985) (discussing minimum process due tenured government employee under federal
constitution). The record clearly indicates that Fetchin was accorded due process of law before his
employment was terminated. Accordingly, we hold that the Commissioner's order did not violate Fetchin's
constitutional rights.

 For the foregoing reasons, we overrule Fetchin's sole point of error.



CONCLUSION


 Having overruled Fetchin's sole point of error, we affirm the judgment of the district court.



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith 

Affirmed

Filed: July 31, 1996

Do Not Publish

1.   This cause is governed by the version of the Education Code in effect at the time Fetchin's
employment was terminated in 1991. See Act of May 20, 1971, 62nd Leg., R.S., ch. 405, § 2, 1971
Tex. Gen. Laws 1449, 1476-77, amended by Act of June 30, 1984, 68th Leg., 2nd C.S., ch. 28, art. III,
part A, § 1, 1984 Tex. Gen. Laws 150, 150 (Tex. Educ. Code Ann. §§ 13.109-.110, since repealed). 
The Code has subsequently been amended and reenacted with different numbering. See Act of May 27,
1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207 et seq. Throughout this opinion we cite
to the 1991 version of the Code.
2.   In the case of original agency action, such as the grant or revocation of a license or permit,
we ordinarily remand to the agency if we determine that any ultimate finding is invalid because
we must measure the order "by what it says"; we cannot speculate whether the agency would
have reached the same decision under the remaining ultimate findings that support the order. See
Morgan Drive-Away, Inc. v. Railroad Comm'n, 498 S.W.2d 147, 152 (Tex. 1973). In this case,
however, the Commissioner acted only as an appellate body reviewing Fetchin's administrative appeal from
the decision of the LISD Board of Trustees. See Tex. Educ. Code Ann. § 13.115(a) (West 1991). In
such a situation, we review the agency's order in the same manner as a trial-court judgment and will affirm
it if it is proper on any independent ground.
3.   Fetchin does not specify which constitution, Texas or federal, that he contends was violated;
however, we find the distinction irrelevant to our analysis.


erefore, Fetchin argues that the Commissioner erred in affirming his termination because it violated his
constitutional rights. (3) See Tex. Gov't Code Ann. § 2001.174(2)(A) (West 1996).

 We reject Fetchin's argument because, although the opportunity to remedy deficiencies may
be required to terminate a teacher for good cause, it is not constitutionally required as a matter of due
process of law. The Education Code specifies the pretermination procedure to which continuing contract
teachers are entitled:



(1) Prompt notice of the proposed termination, including the grounds therefor and, in the
case of termination for failure to perform assigned duties, copies of all evaluations
and memoranda concerning the teacher's fitness;


(2) A public hearing at which the teacher may be represented by counsel, present
evidence, and cross-examine witnesses; and


(3) Notification in writing of the Board's decision.



Tex. Educ. Code Ann. § 13.111-.114 (West 1991). These protections provide all the process of law that
a continuing-contract teacher is due. Swanson v. Houston Indep. Sch. Dist., 800 S.W.2d 630, 632 (Tex.
App.--Houston [14th Dist.] 1990, writ denied); see also Cleveland Bd. of Educ. v. Loudermill, 470
U.S. 532, 542-46 (1985) (discussing minimum process due tenured government employee under federal
constitution). The record clearly indicates that Fetchin was accorded due process of law before his
employment was terminated. Accordingly, we hold that the Commissioner's order did not violate Fetchin's
constitutional rights.

 For the foregoing reasons, we overrule Fetchin's sole point of error.



CONCLUSION


 Having overruled Fetchin's sole point of error, we affirm the judgment of the district court.



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith 

Affirmed

Filed: July 31, 1996

Do Not Publish

1.   This cause is governed by the version of the Education Code in effect at the time Fetchin's
employment was terminated in 1991. See Act of May 20, 1971, 62nd Leg., R.S., ch. 405, § 2, 1971
Tex. Gen. Laws 1449, 1476-77, amended by Act of June 30, 1984, 68th Leg., 2nd C.S., ch. 28, art. III,
part A, § 1, 1984 Tex