Emilio **MONTEZ**, et al.,
**Plaintiffs-Appellants,**

v.

**SOUTH SAN ANTONIO INDEPENDENT SCHOOL DISTRICT,**
**Defendant-Appellee.**

No. 87–5501
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 4, 1987.

Catherine Quinones, San Antonio, Tex., for plaintiffs-appellants.

Jim Walsh, Susan G. Morrison, Hairston & Walsh, P.C., Austin, Tex., for defendant-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

POLITZ, Circuit Judge:

Emilio Montez appeals a summary judgment rejecting his claims under the fifth and fourteenth amendments and 42 U.S.C. § 1983. He alleges wrongful termination by the San Antonio Independent School District of his employment as an instructor in the Junior Reserve Officer Training Corps program. The district court found no genuine issue of material fact and concluded that Montez had not been denied due process as relates to a claimed property interest. We agree and affirm.

In 1979 Montez was hired to teach in the JROTC program. Montez has never been certified as a teacher by the responsible authorities of the State of Texas. His initial employment was validated on October 15, 1979 when the Texas Education Agency issued him an Emergency Teaching Permit. That permit expired on August 31, 1980 and was never reissued. Montez continued to work until September 1985 when he was notified of the anticipated termination of his employment. After two hearings before the school district authorities, Montez was discharged at the end of the 1985–86 school year.

After his Emergency Teaching Permit expired, Montez was employed pursuant to instruments labeled "continuing contracts," the contracts typically used for tenured teachers in Texas. From this Montez asserts a property interest in his continued employment as a JROTC instructor.

*Analysis*

In order to allege a due process deprivation of a property interest under the fourteenth amendment, Montez must demonstrate that he had a "legitimate claim of entitlement" to that interest. *Board of Regents v. Roth,* 408 U.S. 564, 577–78, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972). In the employment context, the sufficiency of a claim of entitlement must be decided by reference to state law. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Thus, as the district court noted, we must look to Texas' tenure law for public school teachers to determine whether Montez has a valid fourteenth amendment claim.

We have held that the Texas Education Code gives "teachers," as defined by that statute, a legitimate claim of entitlement to, and hence a fourteenth amend-

ment interest in, their jobs. *Findeisen v. North East Independent School District,* 749 F.2d 234 (5th Cir.1984), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2657, 86 L.Ed.2d 274 (1985). The precursor to the contract provisions of the Code defines "teacher" as one who, among other things, holds a "permanent teaching certificate" under Texas laws. 1967 Tex.Sess.Law Serv. 2012 (Vernon). We agree with the district court that various provisions of the Code support the conclusion that a teacher must be certified in order to be entitled to a continuing contract of employment. *See, e.g.,* TEX. EDUC.CODE ANN. §§ 13.045, 13.046, 13.-202, 21.201 (Vernon 1972).

Montez never held such a certificate; therefore, he was never a "teacher" for purposes of the Texas tenure law. Any contract purporting to give him more than that allowed by Texas law was beyond the power of the school district and was thus *ultra vires.* The invalid contracts bestowed no property interest on Montez.

■ Montez contends that, even if his contracts were not valid, the circumstances surrounding his employment gave him a property interest in his job because he relied on the words "continuing contract," and he was never notified of the certificate requirement. This contention overlooks the Hornbook rubric that knowledge of the law is presumed. *Cf. Grounds v. Tolar Independent School District,* 694 S.W.2d 241 (Tex.App.1985), *rev'd on other grounds,* 707 S.W.2d 889 (Tex.1986). We are not unmindful that understandings between parties occasionally create a property interest, *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), but Montez has not demonstrated facts sufficient to support the creation of such an interest contrary to express and specific state law. *See Batterton v. Texas General Land Office,* 783 F.2d 1220, 1223 (5th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 316, 93 L.Ed.2d 289 (1986) (distinguishing *Sindermann* and its progeny because in those cases "no statute resolved whether a property interest in one's job existed").

■ Montez asserts estoppel, but that claim also founders. Estoppel cannot be used to create a contract right where none exists, *Sun Oil Company v. Madeley,* 626 S.W.2d 726 (Tex.1981). Further, estoppel may be asserted only rarely against a governmental entity. *E.g., Capitol Rod & Gun Club v. Lower Colorado River Authority,* 622 S.W.2d 887 (Tex.App.1981, *writ ref'd n.r.e.*). Nor may Montez advance a claim of deprivation of a liberty interest. He had two hearings before the school authorities prior to his termination. Liberty interests are not implicated.

Montez's brief pointedly focuses on what appears to be a gap in the Texas Education Code's coverage as respects the treatment accorded JROTC instructors. Montez's complaint should be addressed to the Texas Legislature. It is not cognizable as a constitutional or civil rights claim in this forum.

The judgment of the district court is AFFIRMED.