United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50625

RUTH NUNEZ,

Plaintiff-Appellant,

versus

PATRICIA SIMMS; GLENNA ARCHER,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas

Before GARWOOD and HIGGINBOTHAM, Circuit Judges, and FELDMAN, District Judge.[1]

GARWOOD, Circuit Judge:

Plaintiff Ruth Nunez (Nunez) appeals the district court's judgment on the pleadings in accordance with FED. R. CIV. P. 12(c) in favor of defendants. We affirm.

**Factual and Procedural Background**

Nunez was hired as a school teacher by the El Paso Independent School District (District) in 1996. At that time, Nunez was

---

[1]District Judge of the Eastern District of Louisiana, sitting by designation.

issued a probationary contract in accordance with Chapter 21, Subchapter C, of the Texas Education Code because she did not qualify for a standard teaching certificate. Nunez had obtained a temporary emergency permit from the State Board of Educator Certification on August 1, 1996. These emergency permits expire three years after their issuance, meaning that Nunez's permit expired in August of 1999.

After a teacher has been employed under a probationary contract for at least three consecutive years, state law permits a school district to employ a teacher under a continuing contract. Tex. Educ. Code Ann. § 21.153. On April 7, 1998, the District issued Nunez a continuing contract pursuant to the provisions of section 21.153 of the Texas Education Code.

Nunez claims that on October 31, 2000, she spoke with Farah Green (Green), a certification officer for the District, who allegedly told her she could continue teaching as a "permanent substitute" until she passed the EXET exam needed to obtain standard certification. Nunez received a letter from defendant Glenna Archer (Archer) dated October 30, 2000, advising her that, because her emergency permit had expired and because she did not therefore meet certification requirements, she was being terminated from full-time employment effective November 1, 2000. Nunez alleges she received this letter on November 2, 2000, while appellees claim she was given the letter on October 30.

2

Nunez filed a civil rights suit on September 12, 2001, against Patricia Simms (Simms), the school principal at Western Hills Elementary School where Nunez taught, and Glenna Archer, Interim Associate Superintendent for Human Resources for the District, alleging that her discharge violated her procedural due process rights insofar as she did not receive proper notice and an opportunity to be heard. The defendants answered, claiming the affirmative defense of qualified immunity and arguing Nunez had no property interest in her contract because her certification had expired by its terms. After Nunez filed a second amended complaint and answer to the defendants' affirmative defenses, the defendants moved for judgment on the pleadings in accordance with FED. R. CIV. P. 12(c), maintaining that Nunez had not alleged the violation of a clearly established constitutional right as she had no property interest in continued employment with the District.

On May 17, 2002, the district court granted the defendants' motion to dismiss all claims. The court concluded, pursuant to Texas law, that absent certification, Nunez could not be employed as a teacher, that the employment contract was therefore void, and that Nunez consequently had no property interest in continued employment. The district court further found that the conduct of the defendants in terminating Nunez was objectively reasonable. Nunez timely filed notice of appeal.

**Discussion**

In analyzing a claim of qualified immunity we first determine whether the plaintiff has alleged the violation of a clearly established federal constitutional right. *Hare v. City of Cornith, Miss.,* 135 F.3d 320, 325 (5th Cir. 1998). If the plaintiff does so, the court must then assess whether the defendant's conduct was objectively reasonable in light of clearly established law. *Id.* at 326. The plaintiff's showing of a violation of a clearly established constitutional right is a "prerequisite" to overcoming the qualified immunity defense; failure to do so obviates the need to address the second step of the analysis. *Martinez v. Texas Dep't of Criminal Justice,* 300 F.3d 567, 576-77 (5th Cir. 2002).

In order to allege a due process deprivation of a property interest under the Fourteenth Amendment, the plaintiff must demonstrate a "legitimate claim of entitlement" to that interest. *Board of Regents v. Roth*, 92 S.Ct. 2701, 2709 (1972). In the employment context, the sufficiency of a claim of entitlement must be decided by reference to state law. *Bishop v. Wood*, 96 S.Ct. 2074, 2077 (1976).

In its Order of Dismissal, the district court found that the pleadings establish that Nunez's employment terminated because her temporary, emergency permit had expired, and she was not holding, and could not present, a standard Texas teaching certificate. The court stated, "Thus, pursuant to applicable provisions of the Texas

4

Education Code, including Sections 21.003 and 21.053, she could not be employed as a classroom teacher, the employment contract that had been issued to her was not binding, and she could not be paid as a classroom teacher."  The court therefore held:

> "Under controlling authorities of the United States Court of Appeals for the Fifth Circuit, including *Montez v. San Antonio Independent School District,* 817 F.2d 1124 (5th Cir. 1987), of the Texas courts, *Grand Prairie Independent School District v. Vaughan,* 792 S.W.2d 944 (Tex. 1990), and *Swanson v. Houston Independent School District,* 800 S.W.2d 630 (Tex. App. - Houston [14th Dist.] 1990, writ denied), and the Texas Commissioner of Education, *Peters v. Dallas Independent School District,* TEA Docket No. 087-R2-400 (Tex. Comm'r Educ. 2000), and *Pitts v. Houston Independent School District,* TEA Docket No. 023b-R1-995 (Tex Comm'r Educ. 1996), the employment contract that had been issued to the Plaintiff was void, and she had no property interest in continued employment. Plaintiff has failed to allege a violation of a clearly-established constitutional right.  The conduct of the Defendants was objectively reasonable in light of clearly-established law.  They did not violate any of Plaintiff's clearly-established constitutional rights."

This court reviews de novo a dismissal pursuant to Rule 12(c). *Brittan Communications Int'l Corp. v. S.W. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002).  Heightened pleading in qualified immunity cases requires that plaintiffs rest their complaint on more than conclusions alone and plead their case with precision and factual specificity.  *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999).

On appeal Nunez argues that a property interest attached to her continuing contract when it was entered into, at which time she held valid emergency certification.  A public school teacher has a

5

constitutionally protected property interest in continued employment if he can demonstrate a reasonable expectation of continued employment. *Coats v. Pierre*, 890 F.2d 728, 732 (5th Cir. 1989). Nunez contends that, once this constitutional property interest attached, it could only be removed through constitutionally adequate procedures.

The Texas Education Code defines "teacher" as a "classroom teacher, counselor, or other full-time professional employee who is required to hold a certificate issued under Subchapter B." Tex. Educ. Code Ann. § 21.101 (Vernon 1996). "A person may not be employed as a teacher, teacher intern or teacher trainee, librarian, educational aide, administrator, or counselor by a school district unless the person holds an appropriate certificate or permit issued as provided by Subchapter B." *Id.* at § 21.003. Subchapter B provides for the issuance of emergency certificates. *Id.* at § 21.041(b)(2). An "emergency certificate" under section 21.041 is equivalent to an "emergency permit." 19 Tex. Admin. Code. § 230.512 (West 1998).

The State Board for Educator Certification may issue emergency permits when a superintendent cannot secure an appropriately certified individual to fill a vacant position. *Id.* at § 230.501 (a),(b). An emergency permit is valid for the remainder of the school year for which it is activated, and an individual may not serve more than two additional years in the same assignment. *Id.*

at § 230.502 (b),(d). An individual may also not serve as a classroom teacher for more than three years without obtaining standard certification. *Id.* at § 230.502(d).

After a "teacher" has been employed under a probationary contract for at least three consecutive years, the school district may elect to employ the teacher under a continuing contract. Tex. Educ. Code Ann. § 21.153 (Vernon 1996). Nunez alleges, and the defendants do not dispute, that she was issued an emergency permit on August 1, 1996, and that on April 7, 1998, she was issued a continuing contract following three years' employment under a probationary contract.

Section 21.154 of the Texas Education Code states that:

"Each teacher employed under a continuing contract is entitled to continue in the teacher's position or a position with the school district for future school years without the necessity for annual nomination or reappointment until the person:
1) Resigns;
2) retires under the Teacher Retirement System of Texas;
3) is released from employment by the school district at the end of a school year because of necessary reduction of personnel as provided by Section 21.157;
4) is discharged for good cause as defined by Section 21.156 and in accordance with the procedures provided by this chapter;
5) is discharged for a reason stated in the teacher's contract that existed on or before September 1, 1995, and in accordance with procedures prescribed by this chapter; or
6) is returned to probationary status, as authorized by Section 21.106."

Section 21.053 of the Education Code provides:

"(a) A person who desires to teach in a public school

7

shall present the person's certificate for filing with the employing district before the person's contract with the board of trustees of the district is binding.

(b) An educator who does not hold a valid certificate may not be paid for teaching or work done before the effective date of issuance of a valid certificate."

Paragraph 5 of the classroom teacher continuing contract form dated April 7, 1998, signed by Nunez, provided in pertinent part: "Employee shall comply with, and be subject to, state and federal law and District policies, rules, regulations, and administrative directives as they exist or may hereafter be amended." Paragraph 6 of the contract stated:

"This contract is conditioned on Employee's satisfactorily providing the certification, service records, teaching credentials, and other records required by law, the Texas Education Agency, the State Board for Educator Certification, the State Board of Education, or the District. Failure of Employee to maintain certification in the position(s) to which assigned may be grounds for dismissal."

Pursuant to these statutes, it is clear that Nunez was not qualified to serve as a teacher following the expiration according to its terms of her certification. We next address the effect of this on Nunez's contract and the extent to which, under that contract, she had a property interest in her job at the time of her termination sufficient to implicate the constitutional guarantee of due process.

A condition subsequent is "a condition referring to a future event, upon the happening of which the obligation becomes no longer binding upon the other party, if he chooses to avail himself of the

8

condition." *Rincones v. Windberg,* 705 S.W. 2d 846, 848 (Tex. App. - Austin 1986; no writ); Black's Law Dictionary 293-94 (6th Ed. 1990). The provision in the continuing contract here established both the initial provision of certification and the subsequent maintenance of it throughout the contract as conditions subsequent. While it is true that the contract states that failure to maintain certification "may be grounds for dismissal," thereby suggesting dismissal is not always automatic, such permissive phrasing is nonetheless consistent with the definition of a condition subsequent, which gives the party not obligated by the condition the choice of whether to avail himself of the opportunity to terminate the contract. Moreover, if the contract were interpreted to give Nunez a property *right* in continued employment as a teacher after her certificate expired according to its terms and she was not otherwise certified, then it would be to that extent invalid and *ultra vires*. Thus, in *Montez v. South San Antonio ISD*, 817 F.2d 1124 (5th Cir. 1987), we held that an uncertified teacher had no property right to continued employment under a continuing contract of employment as a teacher because under Texas law "a teacher must be certified in order to be entitled to a continuing contract of employment" and "[a]ny contract purporting to give him more than that allowed by Texas law was beyond the power of the school district and was thus *ultra vires*" and "bestowed no property

9

interest on" the teacher. *Id*. at 1126.[2]

In *Robey v. Union Hill Indep. Sch. Dist,* TEA Docket No. 235-R2-395 (Tex. Comm'r Educ. 1996), a Texas Education Agency administrative proceeding, it was found that an employee who did not complete course work required to maintain his emergency permit, as required by his contract, "failed to perform the condition subsequent contained in his contract." Therefore, the "Respondent is excused from its obligation to employ [him]. . . for the remainder of the . . . school year. The issue of just cause for termination need not be considered." The language in that contract was somewhat more explicit than in the case *sub judice,* as it stated, in part, "I have been advised and understand that to establish my eligibility for permit renewal I must complete a minimum of six semester hours as specified on my deficiency plan and provide evidence of successful performance on the competency examination of basic skills approved by the State Board of Education..." However, Nunez's contract was substantively indistinguishable, as it also clearly provided that her failure to maintain certification was grounds for dismissal.

Nunez relies on *Frazier v. Garrison ISD*, 980 F.2d 1514 (5th Cir. 1993). The individual plaintiffs in that case held continuing

---

[2]Nunez seeks to distinguish *Montez* on the ground that she, unlike the *Montez* plaintiff, was certified at the time she entered into the continuing contract. However, the contract did not purport to give her a right to continued employment at anytime while she was uncertified and, as we held in *Montez*, Texas law would preclude any such continuing contract.

teachers certificates when the Texas legislature passed a new law requiring teacher competency testing and providing for revocation of a teacher's certification if the teacher failed the Texas Examination for Current Administrators and Teachers (TECAT). Those plaintiffs were also employed as teachers at school districts under fixed term contracts. Because they failed the TECAT, the plaintiffs' teacher certificates were revoked, although absent the new law and the teacher's failure of the test called for thereby, the certification would have continued in effect according to its terms. By reason of the revocation of their teachers certificates, the plaintiffs were terminated from their fixed term contracts with the school districts prior to the end of the stated contract term. They claimed, among other things, deprivation of property without due process of law, because according to the teachers "'[n]o mechanism was created to challenge erroneous test results or terminations. The plaintiffs [Teachers] did not receive a due process hearing.'" *Id*. at 1528. We noted that the teachers *had* a constitutionally protected property interest in continued employment during the term of their fixed term contracts. *Id*. at 1529-30. However, we held that they *were* afforded due process *because*:

> ". . . the Teachers were given more than one opportunity
> to pass the TECAT and, further, there were procedures in
> place that afforded the Teachers the opportunity to
> appeal the revocation of their certification to the Texas
> commissioner of education, and the right to judicial
> review of that administrative proceeding in a state

11

district court." *Id*. at 1530.

We did *not* hold that any due process hearing at the school board level was required, and plainly inferred that it was *not*. In other words, the plain implication of *Frazier* is that once a teacher's certification validly terminates, the school board may, without a hearing, terminate the teacher notwithstanding that her fixed term contract has not expired.

What obviously distinguishes *Frazier* from this case is that in *Frazier* the teacher's certificate was revoked, *prior* to the time it would otherwise expire by its own terms, on account of some alleged default of the teacher (failure of the TECAT) occurring after the certification was issued and in effect, while here Nunez's certificate simply expired by the mere passage of the time it was to remain in effect as provided by its own terms.

Moreover, Nunez knew at the time she entered into the contract, or should have known from the language in the contract and the provisions of Texas law, that the contract gave her no right to continued employment while she remained uncertified when her certificate expired by its own terms. Accordingly, she could have no reasonable expectation of continued employment after the expiration of the term of her certification. In *Perry v. Sindermann*, 92 S. Ct. 2694, 2700 (1972), the Supreme Court held that a mere subjective "expectancy" is not liberty or property protected by the Due Process Clause. Therefore, regardless of what

12

Nunez's subjective expectation was, it would not have been objectively reasonable for her to believe, at the time of entering into the contract, that her entitlement to teach would extend beyond the point that her certification expired by its own terms. Finally, in *Frazier,* the plaintiffs challenged both the lawfulness of the examination itself and its scoring ("erroneous results"), and claimed their continuing certificates were wrongfully revoked. Here, by contrast, Nunez does not dispute that her certification properly expired by its own terms, nor does she challenge the lawfulness of the certification system or claim entitlement to, or wrongful denial of, any certification.

Nunez points to *Roberts v. Houston Independent School District*, 788 S.W. 2d 107, 109 (Tex. App.—Houston [1st Dist.] 1990, writ denied), a case which we relied on in *Frazier* for the proposition that teachers have a property right in their continuing contracts. *Frazier,* 980 F.2d at 1529. However, *Roberts* involved a termination based on the poor performance of a teacher who maintained valid certification. Consequently, the question of whether the property interest created when the contract was entered into ended when certification expired by its own terms was not at issue.

Nunez also maintains that state law does not require termination for lack of certification. While she does not dispute that lapsed certification constitutes valid grounds for

13

termination, Nunez argues that it is not automatically required by state law. Nunez cites section 21.156(b) of the Education Code as allowing the school board to provide for suspension without pay until the end of the school year in lieu of discharge for "good cause as specified by Subsection (a)." But, section 21.156(a) applies only to discharge on the basis of school board determination of the teacher's "failure to meet the accepted standards of conduct for the profession as generally recognized and applied."[3] Nothing of the sort is involved here. Nunez also cites Texas Attorney General's Opinion No. JC-0185 (2000), which states that a teacher who loses certification can be converted into a "permanent substitute." Even if these provisions were applicable, however, they only give the District *the option* of continuing to employ Nunez in some capacity without violating state law, but in no way bind them to do so. Therefore, this contention by Nunez does not undercut the conclusion that her contract was no longer binding on the school once her certification expired by its own terms, making her at most an at-will employee bereft of a vested property right in her job.

---

[3]Section 21.156 provides

"(a) A teacher employed under a continuing contract may be discharged at any time for good cause as determined by the board of trustees, good cause being the failure to meet the accepted standards of conduct for the profession as generally recognized and applied in similarly situated school districts in this state.

(b) In lieu of discharge, a school district may suspend a teacher without pay for good cause as specified by Subsection (a) for a period not to extend beyond the end of the current school year."

Nunez further argues that only a superintendent can fire a teacher because termination of teachers is one power listed among the duties of superintendents in section 11.201(d)(4) of the Education Code. There is no suggestion, however, in this provision that this is an exclusive power of the superintendent. Moreover, whether the proper state law procedures were followed in Nunez's termination is irrelevant to the threshold question of whether she had a property right in her job after her certification had expired by its own terms.

Because Nunez had no property interest in continued employment after her certification lapsed, the clearly established constitutional right of due process is not implicated. As demonstrating violation of a constitutional right is a "prerequisite" to overcoming the qualified immunity defense, failure to do so obviates the need to address the second step of the analysis. *Martinez,* 300 F.3d at 576-77 (5th Cir. 2002). Hence, we need not address whether the procedures followed in terminating Nunez were objectively reasonable.

## Conclusion

For the foregoing reasons, the district court's decision is AFFIRMED.

15