**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 03-20541

———————

DON R. DAVIS, SR.; LINDA L. DAVIS

Plaintiffs — Appellants

versus

BRAZOS COUNTY TEXAS; ET AL

Defendants

BRAZOS COUNTY TEXAS; ALVIN JONES, County Judge, County Commissioners Court;
BILL TURNER, Individually, and as District Attorney; DOUGLAS HOWELL, Individually, and
as Assistant District Attorney; MARGARET LALK, Individually, and as Assistant District
Attorney; JOHN DELANEY, Individually, Department of Community Supervision; TEXAS A &
M UNIVERSITY; Dr RAY BOWEN, President; ROBERT WIATT, Individually, and as Director
of Traffic and Security; JAMES LINDHOLM, Individually, and as University Police Detective;
TEXAS DEPARTMENT OF PUBLIC SAFETY; THOMAS DAVIS, Colonel, Director; DAVID
HULLOM, Individually, Texas Ranger and DPS Officer; ROBERT JOHNSON, FBI Special
Agent; DEPARTMENT OF COMMUNITY SUPERVISION

Defendants — Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Houston
4:01cv1613
--------------------

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

1

PER CURIAM:[*]

Appellants Don Davis, Sr. and Linda Davis filed suit against Appellees for alleged violations stemming from criminal prosecutions brought against them. Appellants appeal from the district court's dismissal of their claims against various Appellees. After reviewing the record and the briefs submitted by the parties, we affirm the judgment of the district court for the following reasons:

1) Appellants' complaint consists of conclusory allegations lacking sufficient supporting facts. *See Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989) ("In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.").

2) Even assuming Appellants have pleaded valid claims, the statute of limitations would have barred such claims. Appellants failed to adequately allege a conspiracy; their allegations that Appellees conspired to violate their constitutional rights are conclusory and insufficient. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) ("Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss."). Moreover, any potential claims arising from the criminal prosecutions against them occurred outside of the applicable statutes of limitations. Appellants' claims are, therefore, barred by the applicable statutes of limitations. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.002(a), 16.003(a) (2004).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3)     Finally, because Appellants failed to allege specific violations of any clearly established constitutional rights, they failed to overcome Appellees' immunity defenses. As prosecutors, Appellees Turner, Howell, and Lalk are entitled to absolute immunity for their conduct "in initiating a prosecution and in presenting the State's case," insofar as such conduct was "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). To the extent these Appellees functioned as administrators rather than as officers of the court, they are entitled to qualified immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The other government officials are also entitled to qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because Appellants failed to allege specific violations of any clearly established constitutional rights, they failed to overcome Appellees' qualified immunity. *See Nunez v. Simms*, 341 F.3d 385, 387 (5th Cir. 2003) ("The plaintiff's showing of a violation of a clearly established constitutional right is a 'prerequisite' to overcoming the qualified immunity defense.") (*citing Martinez v. Tex. Dep't of Crim. Justice*, 300 F.3d 567, 576-77 (5th Cir. 2002)). Appellants' failure to plead a violation of their federal rights also renders their claims against Brazos County unavailing. *See Becerra v. Asher*, 105 F.3d 1042, 1047-48 (5th Cir. 1997) ("Without an underlying constitutional violation, an essential element of municipal liability is missing.").[1]

---

[1] Although Appellants also assert that the district court erred in prohibiting discovery pending a ruling on Appellees' pending motions, we find no error. *See Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996) ("Even limited discovery on the issue of qualified immunity

For these reasons, we affirm the judgment of the district court.

AFFIRMED.

---

must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.") (internal quotation marks and citation omitted).