United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20032
Summary Calendar

_____

BILLIE FITTS,

Plaintiff-Appellant,

versus

CHRISTINA MELTON CRAIN, Chairman-Texas Department of
Criminal Justice, Individually and in her official capacity;
MARY BACON, Member, Texas Board of Criminal Justice,
Individually and in her official capacity; DEBBIE ROBERTS,
Interim Superintendent, Windham School District, Individually
and in her official capacity; WINDHAM SCHOOL DISTRICT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-3076
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Appellant Billie Fitts, a former teacher of business

computer classes at the Michael Unit of the Texas Department of

Criminal Justice, Institutional Division (TDCJ), brought this

suit under 42 U.S.C. § 1983 and state law.  Fitts alleged that in

not renewing her teaching contract with appellee Windham School

District (Windham) after August 31, 2003, the defendants violated

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her rights to due process and equal protection of the laws. We AFFIRM.

Appellees Christina Crain and Mary Bacon, board members of Windham and of the Texas Board of Criminal Justice; and Debbie Roberts, Windham's Interim Superintendent (the Windham officials) responded by filing a motion to dismiss under FED. R. CIV. P. 12(b)(1). They asserted that the district court lacked subject-matter jurisdiction over Fitts's lawsuit as to them in their official capacities because of Eleventh Amendment immunity. As sued in their individual capacities, the Windham officials also filed an answer to Fitts's amended complaint, denying her allegations and asserting their entitlement to qualified immunity as to federal claims and official immunity as to state-law claims. The Windham officials asserted, inter alia, that Fitts had no property interest in her job for any type of due-process claim because she had resigned her job.

The district court entered an order of dismissal and final judgment, granting Windham and the Windham officials' motion to dismiss under Rule 12(b)(1), dismissing all federal claims with prejudice and dismissing all pendent state claims without prejudice to reassertion in state court. The court held, inter alia, that Fitts had no constitutional right to a renewed contract, because she had no property right in her contract.

Fitts contends that she is entitled to reversal because the district court dismissed her individual-capacity claims on

grounds of qualified immunity without first ordering her to file either a statement of facts or a reply tailored to the defendants' qualified-immunity defense. Citing Schultea v. Wood, 27 F.3d 1112, 1118 (5th Cir. 1994), and 47 F.3d 1427, 1433 (5th Cir. 1995)(en banc), Fitts argues that if she had known that the district court wanted qualified immunity to be addressed, she could have focused her general claim and supported it with affidavits, exhibits, certified records, and a motion for summary judgment.

Schultea does not hold, however, that a reply is required in all instances. The en banc court stated only that the "district court's discretion not to [require a reply] is narrow indeed when greater detail might assist." 47 F.3d at 1433-34 (quotation at 1434).

Fitts asserts that if she had been ordered to file a reply, she could have emphasized her contention that her property interest in her job was based on Windham Policy No. 7.05-3.2-2. However, she made that clear in her amended complaint. Fitts iterated this contention in her reply to appellees' answer, in her argument against qualified immunity. Thus, it would not have assisted the district court for Fitts to have filed another reply pursuant to Schultea. Therefore, the district court did not abuse its discretion by dismissing Fitts's individual-capacity claims without requiring her to file another reply. See Schultea, 47 F.3d at 1434.

Furthermore, assuming that the district court should have ordered a <u>Schultea</u> reply, that still would not entitle Fitts to relief. The reason is that Policy 7.05-3.2-2 did not confer a property right in her job to Fitts, therefore she has no valid § 1983 claim relative to it.

Fitts contends that the district court erred by holding that she had no protectable property interest in her job, specifically by holding that her "right" to a renewed contract is not a right secured by the Constitution. Fitts argues that she has a legitimate claim of entitlement to continued employment based on Texas state law, citing <u>Bishop v. Wood</u>, 426 U.S. 341, 344 (1976), and other cases.

Qualified immunity protects "government officials performing discretionary functions from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." <u>Enlow v. Tishomingo County, Miss.</u>, 962 F.2d 501, 508 (5th Cir. 1992) (internal quotation marks omitted). In examining a claim of qualified immunity, the first step is to ascertain whether the plaintiff has alleged the violation of a clearly established federal constitutional right. <u>Siegert v. Gilley</u>, 500 U.S. 226, 231 (1991). "If the plaintiff does so, the court must then assess whether the defendant's conduct was objectively reasonable in light of clearly established law." <u>Nunez v. Simms</u>, 341 F.3d 385, 387 (5th Cir. 2003). The plaintiff's failure to show such a

violation of her rights "obviates the [court's] need to address the second step of the analysis." Id.

Fitts has failed to plead facts showing that she has a property right in employment under Texas law, an essential element of her claim. Her pleadings show that she was employed by Windham under a term contract, which she concedes was a one-year contract for 2002-2003 that was scheduled to end on August 31, 2003. Texas follows the at-will employment doctrine under which, absent a specific contract provision to the contrary, employment contracts are terminable at will by either party. Moulton v. City of Beaumont, 991 F.2d 227, 230 (5th Cir. 1993). By alleging that Windham informed her of the nonrenewal of her contract, Fitts admits in her pleadings that Windham never agreed to renew her contract and never agreed to any kind of extension. Accordingly, Fitts's pleadings establish that beyond her 2002-2003 contract, her employment with Windham would have either ended according to its terms or would have been at-will if she had stayed with permission of Windham. Thus, Windham was free to terminate Fitts's employment.

In her amended complaint, Fitts noted that Windham's Policy No. 7.05-3.2-2 states: "If the Superintendent determines there is good cause to not renew the contract, the employee shall be given written notice of intent to nonrenew at least 45 days prior to the end of the contract period." Fitts relies on this provision as the basis for her contention that she had a property interest

in her job.  While this provision provides for some instances in which the superintendent will make a good-cause determination, it does not indicate that in all instances Windham employees' contracts are guaranteed to be renewed except for good cause. Policy manuals or directives that do not purport to limit the possible reasons for termination cannot create property rights. See Moulton, 991 F.2d at 232 n.28.

Fitts's lack of a property right in her job is also demonstrated by her letter-request to be released from her contract as of August 8, 2003.  Her leaving Windham before the end of her contract term resulted in her having no contract to renew.  Because there was no protected property interest under state law, Fitts had no constitutional right to due process, as the district court held.  See Nunez, 341 F.3d at 387.

Fitts contends that the district court erred by holding that Windham is an arm of the state, and thus entitled to Eleventh Amendment immunity.  She asserts that the district court also should not have held that the individual defendants, sued in their official capacity, were entitled to assert Eleventh Amendment immunity.  Fitts is not entitled to relief on these claims because she had no property interest in her job.  See Farias v. Bexar County Bd. Of Trs. for M.H.M.R. Servs., 925 F.2d 866, 874-77 (5th Cir. 1991).

Fitts contends that the district court erred by dismissing her claims for declaratory and injunctive relief, because

"[s]tate sovereign immunity does not preclude declaratory or injunctive relief against state officials." See TTEA v. Ysleta del Sur Pueblo, 181 F.3d 676, 680 (5th Cir. 1999)). Appellees correctly point out that Fitts's complaint requested declaratory relief and monetary damages but not prospective (or other) injunctive relief.

The amended complaint requested only monetary damages and a declaratory judgment that the defendants' acts and omissions violated her rights under the Constitution and laws of the United States. The district court did not specifically deny the request for a declaratory judgment, but held that Fitts's federal claims did not entitle her to relief. The court dismissed her pendent state claims without prejudice.

To be entitled to a declaratory judgment, a plaintiff must show that there is an actual case or controversy under Article III of the Constitution. See Lawson v. Callahan, 111 F.3d 403, 404-05 (5th Cir. 1997). Because Fitts has failed to make such a showing, her appeal from the implied denial of declaratory relief has no merit. See Plumley v. Landmark Chevrolet, Inc., 122 F.3d 308, 312 (5th Cir. 1997).

In her amended complaint, Fitts alleged that she was denied equal protection of the law. She mentions this claim in her opening brief, but does not include it as one of her appellate issues. Appellees nevertheless have asserted in their brief that Fitts's equal-protection allegations lack merit. In her reply

brief, Fitts argues conclusionally that she was treated differently from another Windham employee.  Because Fitts did not raise equal protection as an appellate issue in her opening brief, this court will not consider it on appeal.  See Price v. Roark, 256 F.3d 364, 368 n.2 (5th Cir. 2001).

AFFIRMED.