United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 05-61139
Summary Calendar

———————————————

THOMAS LENTON WATSON,

Plaintiff-Appellant,

versus

NORTH PANOLA SCHOOL DISTRICT,

Defendant-Appellee.

———————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
(No. 1:03-CV-324)

———————————————————

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this 42 U.S.C. § 1983 action, the plaintiff appeals the district court's order granting

summary judgment in favor of the defendant. For the reasons that follow, we affirm.

## I. FACTS AND PROCEEDINGS

Between August 1999 and June 2002, Thomas Watson was employed by the North Panola

School District (the "School District") as an instructor in the high school's Junior Reserve Officer

Training Corps ("JROTC") program. During his employment, Watson entered into a series of

———————————————

[*]Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

successive written employment contracts with the School District. In June 2002, Watson resigned his position as an instructor and enrolled in nursing school. After his formal separation from the School District, Watson performed some limited services for the School District, but not in his former capacity.

In the spring of 2003, Watson learned that the person who had taken his position as an instructor had resigned. Watson decided that he wanted to return to his previous job; he applied for the position and was granted an interview. During the interview, the high school principal indicated that Watson would get the instructor position. Based on his belief that he was going to be employed by the School District, Watson withdrew from nursing school and reported for work at the school.

Watson worked as an instructor for one week before the school's spring vacation. After the vacation, Watson was informed that a different candidate had been hired to fill the instructor position. The school principal explained to Watson that the school board (the "Board") had made the decision to hire the other candidate. Watson was sent home and asked not to return.

Watson brought suit against the School District. In his Third Amended Complaint, Watson alleged that the School District was liable for (1) violations of both substantive and procedural due-process rights under the Fourteenth Amendment, (2) breach of employment contract, (3) damages for detrimental reliance, and (4) *quantum meruit* for the five days he worked at the school. The district court granted the School District's motion for summary judgment and dismissed all of Watson's claims with prejudice. Watson now appeals.

## II. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment de novo. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005) (citing *Ford Motor Co. v. Tex. Dep't of*

*Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).  In our review of a summary judgment, we apply the same standard as the district court.  *Cooper Tire*, 423 F.3d at 454.  Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to a judgment as a matter of law.  *Id.  See also* FED. R. CIV. P. 56(c).

A court considering a motion for summary judgment must view evidence and inferences in the light most favorable to the nonmovant.  *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004).  The movant bears an initial burden to demonstrate "an absence of evidence to support the nonmoving party's case."  *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 349 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  If the movant meets this burden, "a nonmovant must bring forward sufficient evidence to demonstrate that a genuine issue of material fact exists for every element of a claim."  *Id.*  Summary judgment is appropriate if the nonmovant "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.*, 477 U.S. at 322.

### III.  DISCUSSION

We limit our review to the single issue preserved on appeal—whether the School District deprived Watson of a property interest without due process.[1]  Watson argues that he entered into an employment contract when he accepted the principal's oral job offer.  And as a teacher, Watson's argument continues, he has a constitutionally-protected property interest in continued employment that cannot be taken from him without a hearing.  Because he never had a hearing before he lost his

---

[1]Before the district court, Watson raised both state and federal claims.  But because Watson's brief focuses exclusively on the due process issue, we hold that Watson has waived all other claims and issues on appeal.  *See Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 809 n.17 (5th Cir. 2006); *United Paperworkers Int'l Union AFL-CIO, CLC v. Champion Int'l Corp.*, 908 F.2d 1252, 1255 (5th Cir. 1990).

job, Watson concludes, his constitutional rights were violated.

The School District contests the first prong of Watson's argument. The School District maintains that Mississippi law required the Board to approve of Watson's hiring. In the School District's view, the absence of the Board's approval is fatal to Watson's claim because he never had the job and, therefore, never had a property interest. We agree.

The viability of Watson's due-process claim depends on his entitlement to a property interest. *See Nunez v. Simms*, 341 F.3d 385, 387 (5th Cir. 2003) ("In order to allege a due process deprivation of a property interest under the Fourteenth Amendment, the plaintiff must demonstrate a 'legitimate claim of entitlement' to that interest.") (quoting *Bd. of Regents v. Roth*, 408 U.S. 564 (1972)). Watson contends that he had a property interest in continued employment as an instructor by the School District. In support of his argument, Watson points out that "[a] public school teacher has a constitutionally protected property interest in continued employment if he can demonstrate a reasonable expectation of continued employment." *Nunez*, 341 F.3d at 388 (citing *Coats v. Pierre*, 890 F.2d 728, 732 (5th Cir. 1989)). We agree with this general proposition. But unless he can first demonstrate that he was employed, Watson has no expectation of continued employment—no property right—to protect. *See Cabrol v. Town of Youngsville*, 106 F.3d 101, 105 (5th Cir. 1997) ("Absent a property interest, there is nothing subject to due process protections and our inquiry ends.").

"Property interests are not created by the Constitution; rather, they stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings." *Blackburn v. City of Marshall*, 42 F.3d 925, 936–37 (5th Cir. 1995) (citing *Perry v. Sindermann*, 408 U.S. 593, 599–601 (1972)). Nor are property interests created by

unilateral understanding or belief: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577.

Even if we assume, as we must at this point, that the school principal did orally offer Watson the instructor position, Watson's claim nevertheless fails. Watson relies on *Perry*, 408 U.S. at 601–02, for the proposition that property interests can arise from implied contracts or mutually understood informal procedures. Again, we do not dispute this well-established doctrine. But this court has long held that, "when formal rules and informal understandings conflict, the formal rules control. In other words, when the state provides an explicit and formal policy governing entitlement to a job, informal and customary understandings cannot create a property interest in the face of the formal rules." *Staheli v. Univ. of Miss.*, 854 F.2d 121, 125 (5th Cir. 1988). *See also Batterton v. Tex. Gen. Land Office*, 783 F.2d 1220, 1224 (5th Cir. 1986) ("To say that customs entirely contrary to a statute's meaning may stem from that statute would defy reason; only if consistent with official law may such practices create a property interest in one's job."). Watson's reliance on an implied contract or an understood school policy is misplaced because Mississippi has codified detailed procedures for hiring teachers.

Mississippi law confers on a school board the authority "[t]o select all school district personnel in the manner provided by law." MISS. CODE § 37-7-301. While Mississippi law contemplates a role for a principal in the hiring of teachers, that role is limited to recommending candidates; the decision to approve a recommended candidate is left exclusively to the school board. *See* MISS. CODE § 37-9-17(1). Before a school district can enter into an employment contract with a teacher, that teacher must be "elected and approved for employment by the school board." MISS.

CODE § 37-9-23.  *See also* MISS. CODE § 37-9-17(1) (authorizing a school superintendent to enter into an employment contract after a candidate has been approved by a school board); MISS. CODE § 37-9-1 (defining the term "licensed employee").  Under our precedent, the existence of explicit statutorily-mandated hiring procedures in Mississippi's law precludes Watson's attempt to establish a property interest by resort to contrary informal practices.

Because under the codified hiring procedures Watson cannot demonstrate a valid contract of employment, we hold that he cannot have a reasonable expectation of *continuing* employment.  Without an expectation of continuing employment, Watson is not entitled to a due-process hearing.  Without a valid employment relationship, Watson has no property interest.  *Cf. Montez v. S. San Antonio Indep. Sch. Dist.*, 817 F.2d 1124, 1125–26 (5th Cir. 1987) (determining, for different reasons, that a JROTC instructor's employment contract was invalid under state law and holding that "invalid contracts bestow[ ] no property interest").  This case presents no genuine issues of material fact and the School District is entitled to a judgment as a matter of law.

## IV.  CONCLUSION

Finding no reversible error, we AFFIRM.