Laura A. HARRIS, Plaintiff–Appellant

v.

MARTINSVILLE INDEPENDENT SCHOOL DISTRICT, Defendant–Appellee.

No. 11–40138

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 3, 2011.

Steven Eugene Clark, Kennedy, Clark & Williams, P.C., Dallas, TX, for Plaintiff–Appellant.

Clay Thomas Grover, Esq., Jonathan Griffin Brush, Rogers, Morris & Grover, L.L.P., Houston, TX, for Defendant–Appellee.

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Laura A. Harris (Harris) brought a Title VII discrimination suit against Defendant–Appellee Martinsville Independent School District (MISD), raising claims of age discrimination, violations of the Texas Commission on Human Rights Act, breach of contract, and retaliation under Title VII. The district court granted MISD's motion for summary judgment. We AFFIRM.

I. FACTUAL AND PROCEDURAL HISTORY

In 2000, Harris was hired as a full-time school counselor at MISD. In 2003, the superintendent at MISD asked Harris to retire from her full-time position and return as a half-time counselor in 2004, and she agreed. She continued working as a half-time counselor through the 2007–08 school year. After she began working half-time, each year MISD gave Harris a letter of reasonable assurance of at-will employment for the following school year. However, for the 2007–08 school year, MISD sent her a signed term contract. This was a mistake because part-time employees are employed at-will and do not receive a contract. Harris admitted that she was surprised to receive the contract but nonetheless signed it and returned it to MISD.

In March of 2008, MISD's school board met to determine the employment contracts for the next school year. The board had another contract for Harris to work part-time for the upcoming 2008–09 school year. During this meeting MISD Superintendent Gray Burton (Burton)[1] informed the board that Harris was not entitled to a term contract pursuant to MISD policy due to her status as a part-time employee. Harris's then-current contract expired at the end of July. The board did not give Harris a contract for the school year 2008–09.

The next day, Harris met with Burton to discuss her employment for the upcoming school year. Unbeknownst to Burton, Harris recorded their conversation. During their meeting, Burton informed Harris that her current contract was not valid but that she would receive a letter of reasonable assurance of employment as the counselor for the 2008–09 school year. He told her that the district could not afford a full-time counselor and that he intended for her to maintain her current part-time position. In April, Harris received a letter of assurance with respect to her part-time employment for the upcoming school year. The letter also provided that she was an at-will employee and thus could be terminated for any reason. Harris signed the letter indicating her intent to return in the fall.

Sometime in June 2008, Harris attended a meeting held by a committee that had been given the task of interviewing applicants for the position of school principal and recommending three applicants to the MISD school board. According to Harris,

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Burton was not the same superintendent who had asked Harris to retire and work half-time.

during the meeting, one committee member, Monty Pepper, stated that applicant Hannah Kessel should not be recommended because she would be "all hormonal" after the birth of her child. Harris told Pepper that "he couldn't say that." Harris defended Kessel's qualifications for the job and persuaded the committee to recommend her to the board with two other candidates.

Subsequent to Harris's meeting with Burton, he determined that MISD needed a full-time counselor. Harris then met with Burton at his request.[2] Burton informed Harris that MISD now needed to hire a full-time counselor. At that time, Harris believed that if she worked full-time, she would lose her retirement benefits. She was not willing to relinquish her retirement benefits to work full-time. According to Harris, Burton told her she would be terminated effective July 31 because MISD needed a full-time counselor. According to Burton, he offered her the full-time counselor position but she refused it because she did not want to lose her retirement benefits. Harris has denied that Burton offered her the job. She admits, however, that she did not tell him during this meeting that she would work as a full-time counselor.

Harris later discovered that she would not lose her retirement benefits if she worked full-time. On July 7, Harris went to Burton and informed him that she could work full-time. Burton responded that he had already offered the job to Hannah Kessel, and she had accepted the offer. Burton told Harris that he planned to recommend to the school board that Kessel be hired as a full-time counselor. For the first time, Harris told Burton that the committee had discriminated against Kessel and she had to persuade the members to recommend Kessel. That evening the board met and accepted Burton's recommendation to hire Kessel as a full-time counselor.

On July 14, Harris emailed Burton and requested that she be placed on the agenda for the next board meeting. Burton responded by sending her an email stating that if she wanted to make a formal complaint, he had attached the "Local Policy outlining the procedures in which complaints must be filed." Harris did not file a complaint form because it was already past the 15-day deadline. In any event, Burton denied Harris's request to be placed on the board's agenda.

On August 12, Harris met with an officer at the Equal Employment Opportunity Commission and discussed her claims of age discrimination and retaliation. Harris did not file a charge with the EEOC until April 2, 2009. Harris later brought the instant suit against MISD, raising claims of age discrimination, violations of the Texas Commission on Human Rights Act, breach of contract, and retaliation under Title VII. MISD moved for summary judgment, claiming there was no genuine issue of material fact. The magistrate judge issued a report and recommendation that the motion be granted. Over Harris's objections, the district court granted the motion. Harris now appeals.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. *E.g., Hirras v. Nat'l R.R. Passenger Corp.,* 95 F.3d 396, 399 (5th Cir.1996). Summary judgment is proper if the record reflects "that there is no genuine issue as

**2.** Harris states that this meeting occurred on July 2, 2008; however, Burton asserts that

the meeting took place in June of 2008.

to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

## B. DISCRIMINATION

■ Pursuant to the Age Discrimination in Employment Act (ADEA), an employer may not "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination under the ADEA, a plaintiff must demonstrate that he was discharged; qualified for the position; within the protected age group at the time of the discharge; and either replaced by someone younger, replaced by someone outside the protected class, or otherwise discharged because of his age. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir.2004).

Here, there is no genuine dispute that Harris was discharged because she would not work full-time as a counselor. Harris admits that at the time Burton informed her the position would become full-time, she believed that she would lose her retirement benefits if she worked full-time as opposed to part-time. Although Harris denies that Burton expressly offered her the full-time position, she admits she never told him that she could work full-time. More importantly, Harris's testimony shows that she knew the job was hers if she was willing to work full-time.[3] On July 2, she was terminated because the position would become full-time for the upcoming school year. Harris subsequent-

ly spoke with a teachers' retirement benefits coordinator and discovered that she could indeed work full-time without losing her benefits. After she made this discovery she then went to Burton and told him: "I could work full time and I said the *only problem* would be if they [the board] had already offered it to someone else." (emphasis added). We construe this statement to mean that she had understood that the job had been hers if she had been willing to work full-time.[4] In other words, according to Harris's own testimony, the *only* impediment to her regaining her position was if someone else had been offered the job. Unfortunately for Harris, that is indeed what happened. Burton had offered the job to Kessel, and she had accepted the position. Under these circumstances, Harris has failed to demonstrate a genuine issue of material fact because it was her choice whether to work full-time as a counselor. Thus, the district court did not err in granting summary judgment on this claim.

## C. STATE CLAIM OF AGE DISCRIMINATION

Harris also raised a claim of age discrimination under the Texas Commission on Human Rights Act (TCHRA). In the district court, MISD argued that Harris had failed to exhaust her administrative remedies, and the district court agreed. Also, in the alternative, the district court ruled the "TCHRA claim still fails under the same analysis as that of the ADEA."

■ "The TCHRA was enacted to coordinate and conform with federal law under Title VII and the ADEA." *Sanders v. Ana-*

---

3. Burton testified during his deposition that he offered her the full-time position but she turned it down. However, because we are reviewing a summary judgment, we must view the facts in the light most favorable to the non-movant, Harris. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010).

4. This conclusion is buttressed by the transcript Harris made of the recording of her conversation with Burton. In it, Burton repeatedly assures her that she will be returning in the fall and that she did "a good job." Also, he had given her a letter of reasonable assurance of her return with respect to the part-time position.

478

*darko Petroleum Corp.*, 108 Fed.Appx. 139, 147 (5th Cir.2004) (citing *Caballero v. Cent. Power and Light Co.*, 858 S.W.2d 359, 361 (Tex.1993)). Thus, we agree that Harris's TCHRA age discrimination claim fails for the same reasons her ADEA age discrimination claim fails as set forth in Section B., *supra.*[5]

### D. RETALIATION

█ Harris argues that the district court erred in finding that she had not shown a genuine issue of fact with respect to her prima facie case of retaliation. Title VII makes it unlawful for an employer to retaliate against an employee who opposes an employment practice made unlawful by Title VII. 42 U.S.C. § 2000e–3(a). To establish a prima facie case of retaliation, a plaintiff must provide evidence that: (1) he engaged in an activity protected by Title VII; (2) the employer took an adverse employment action against the plaintiff; and (3) a causal connection exists between the protected activity and the adverse employment action. *See, e.g., Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir.2009). We have defined protected activity as "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceedings, or hearing under Title VII." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir.2003).

Harris contends that she was engaging in an activity protected by Title VII when she chided Monty Pepper regarding his statement that Kessel would be "all hormonal" after her baby was born. Assuming that her statement constitutes protected activity, Harris cannot establish a prima facie case because she cannot show a causal connection between the protected activity and her termination. During her deposition, she admitted that she had not told Burton about the discriminatory remark until after her termination. She further admitted that she had no basis to believe that the school board members were aware of it either. Thus, she has failed to establish a prima facie case of retaliation.

### E. BREACH OF CONTRACT

█ Finally, Harris argues that MISD violated her contract of employment under the Term Contract Nonrenewal Act (TCNA). The TCNA "provides procedural safeguards to teachers and superintendents who are employed under term contracts." *Dodd v. Meno*, 857 S.W.2d 575, 575 (Tex.App.–Austin 1993), *writ granted, affirmed*, 870 S.W.2d 4 (Tex.1994). The TCNA expressly defines "Teacher" as "a superintendent, principal, supervisor, classroom teacher, counselor, or other *full-time* professional employee...." Tex. Educ.Code Ann. § 21.201(1) (West 1995) (emphasis added). Harris would be covered by the TCNA "if ... she was a full-time professional employee of the type indicated." *Dodd*, 857 S.W.2d at 576. It is undisputed that she was a part-time employee of MISD. Thus, she was not covered by the TCNA. "Any contract purporting to give [Harris] more than that allowed by Texas law was beyond the power of the school district and was thus ultra vires." *Montez v. S. San Antonio Indep. Sch. Dist.*, 817 F.2d 1124, 1126 (5th Cir.1987). The district court properly granted summary judgment as to the breach of contract claim.

### III. CONCLUSION

For the above reasons, the district court's judgment is AFFIRMED.

---

5. Thus, we need not determine whether the claim was exhausted.